# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TERESA L. IRVIN, )
)
      **Plaintiff,** )
)
v. ) Case No. 18-CV-0131-CVE-FHM
)
ANDREW M. SAUL, )
**Commissioner of Social Security** )
**Administration,** )
)
      **Defendant.** )

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23). Plaintiff requests $7,676.40 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Dkt. # 23, at 2. Defendant filed a response in opposition to plaintiff's motion for EAJA fees (Dkt. # 24) arguing that his position was substantially justified.

On March 7, 2018, plaintiff filed this case seeking judicial review of the decision of the Commissioner of Social Security Administration (SSA) denying her claim for disability benefits.[1] Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court reverse and remand the Commissioner's decision for further administrative proceedings. Dkt. # 23. The magistrate judge found that the administrative law judge (ALJ) wholly failed to consider plaintiff's subjective complaints of pain and inability to function and, instead, the ALJ's written decision used only boilerplate language on these issues.

---

[1]     This case was originally assigned to the Honorable James H. Payne, but the case has since been randomly reassigned to the undersigned.

Dkt. # 19, at 3. The magistrate judge stated that the "ALJ's comments at the hearing evince a complete lack of understanding by the ALJ about the evaluation of [p]laintiff's allegations of pain and other symptoms." Id. Defendant objected to the report and recommendation (Dkt. # 20). Judge Payne accepted the magistrate judge's report and recommendation, and reversed and remanded the case for further administrative proceedings. Dkt. ## 21, 22.

Plaintiff has filed a motion seeking attorney fees under the EAJA. Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 24. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that his position was substantially justified by proving his case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show his position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.

Defendant argues that his position was substantially justified, because the ALJ's written decision contains sufficient findings to explain why he discounted plaintiff's subjective complaints of pain and inability to work. Dkt. # 24, at 3. Defendant recites the boilerplate language from the ALJ's written decision concerning the consideration of plaintiff's subjective complaints, and he claims that he was substantially justified in taking the position that the record as a whole supports

2

the ALJ's boilerplate finding concerning plaintiff's credibility. Id. The Court has reviewed the transcript of the hearing before the ALJ and his written decision, and finds that a reasonable person would not have taken the litigation position adopted by defendant. At the hearing before the ALJ, the ALJ told plaintiff that "we don't give credibility to anything that's said anymore, its strictly based on the record," and this statement clearly implied that he would not consider plaintiff's subjective complaints of pain. Dkt. # 11-2, at 75. The ALJ's written decision simply included boilerplate language that:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to produce the above-alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

Dkt. # 19, at 4. The Tenth Circuit has held that recitation of the boilerplate language does not constitute sufficient findings concerning a claimant's credibility. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). Defendant's arguments that the ALJ actually considered plaintiff's subjective complaints are not supported by the record, and a reasonable person would not have taken the position adopted by defendant in this case. Accordingly, the Court finds that defendant's position was not "justified to a degree that could satisfy a reasonable person," and plaintiff should be awarded attorney fees under the EAJA.

Defendant has not objected to the amount of EAJA fees requested by plaintiff's counsel. The Court has reviewed the hours and rate submitted by plaintiff's counsel and finds that the amount is reasonable. Further, if plaintiff's counsel is ultimately awarded attorney fees under 42 U.S.C. §

3

406(b), counsel must refund to plaintiff the smaller of the EAJA award or the § 406(b) award pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23) is **granted**, and plaintiff shall be awarded attorney fees in the amended amount of $7,676.40. A separate judgment is entered herewith.

**DATED** this 24th day of January, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE